UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHRISTOPHER REED, et al.,            )
                                     )
            Plaintiffs,              )
                                     )
v.                                   )      No.:    3:22-CV-175-KAC-DCP
                                     )
M3K, LLC and DOMINIC PITARRO,        )
                                     )
            Defendants.              )

## MEMORANDUM AND ORDER

Before the Court is the Parties' "Joint Motion for Order Approving Resolution of FLSA Claims" [Doc. 38], requesting that the Court approve the settlement of Plaintiff's Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claims. On May 18, 2022, Plaintiff Christopher Reed brought suit individually "and on behalf of similarly situated persons" against Defendants M3K, LLC and Dominic Pitarro for alleged violations of the FLSA related to unpaid wages and overtime compensation [Doc. 1]. On February 13, 2023, the Court facilitated notice to other qualifying potential plaintiffs [Doc. 20 at 5]. Twelve (12) additional Plaintiffs consented to join in the action [Docs. 22, 25-27, 34]. On November 28, 2023, Plaintiffs and Defendants notified the Court that they had reached a settlement after fulsome negotiations and stipulate to dismissal of the case with prejudice under Federal Rule of Civil Procedure 41(a) [Doc. 38 at 1]. The Parties now seek Court approval of their settlement and dismissal of Plaintiffs' claims with prejudice [*Id.*]. Because the settlement provides a fair and reasonable resolution of Plaintiffs' *bona fide* FLSA dispute and provides reasonable attorney's fees and all costs of the action, the Court grants the Parties' motion.

The FLSA generally requires compensation for overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee . . . in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Further, the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

The circuits are split on whether the settlement of FLSA claims requires Court approval. *Compare, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same). The Sixth Circuit has not decided the issue. One district court in this Circuit has reached the persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022); *see also Alcantara v. Duran Landscaping, Inc.,* No. 2:21-cv-03947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). But courts in this district have regularly found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g.*, *Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 17-CV-58, 2018 WL 3910999, at *1 (E.D. Tenn. July 30, 2018), *report and recommendation adopted*, No. 17-CV-58, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018). Until the Sixth Circuit addresses the issue, out of an abundance of caution and at the Parties' request, the Court reviews the Parties' settlement [*See* Doc. 39 at 1 n.1 ("[T]he Parties believe that court approval is . . . consistent with the weight of authority.")].

2

In reviewing an FLSA settlement the Court must ensure that the settlement represents a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The text of the FLSA does not "shed[] light" on what it means for attorney's fees to be "reasonable." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). But the Sixth Circuit has stated that the award of attorney's fees ensures "effective access to the judicial process" and "encourage[s] the vindication of congressionally identified policies and rights." *Id.* at 502-03. Generally, when evaluating the reasonableness of attorney's fees, the Court considers (1) "the value of the benefit rendered;" (2) "the value of the services on an hourly basis;" (3) "whether the services were undertaken on a contingent fee basis;" (4) "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;" (5) "the complexity of the litigation;" and (6) the "professional skill and standing of counsel." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

Here, the proposed settlement fairly and reasonably resolves Plaintiffs' *bona fide* FLSA dispute. The Parties negotiated the settlement at arms' length with "experienced counsel who protected the rights of both parties [Doc. 39 at 5]. And the "terms of the resolution reflect a fair and reasonable compromise" [*Id.*]. Consistent with the FLSA, Defendants agree to pay Plaintiffs their fairly negotiated "maximum damages" based on "calculations t[aking] into account the miles opt-in Plaintiffs drove, the amount of reimbursement that would have been owed under the IRS rate, and the amount that Plaintiff was actually reimbursed" as well as "an additional amount to account for liquidated damages [Docs. 39 at 5; 38-1 at 1-4]. *See* 29 U.S.C. § 216(b). Also consistent with the FLSA, the Parties agree that Defendant will pay Plaintiffs' attorney's fees and

costs [Docs. 38-1 at 4; 39 at 6].  *See* 29 U.S.C. § 216(b).  Plaintiffs' counsel is experienced in handling employment litigation, bringing valuable expertise to this case [*See* Doc. 39 at 5; 39-1 at 5-6].  And the award of reasonable attorney's fees encompasses "initial fact-finding," "Complaint drafting," "informal discovery and damages calculations," and "settlement negotiations and finalization" [Doc. 39 at 6].  These fees represent "just a fraction of [counsel's] incurred billing due to this matter being resolved on a contingency basis" [*Id.*].  As a result, the settlement represents a fair and reasonable resolution of the FLSA dispute.  *See Lynn's Food Stores*, 679 F.2d at 1355.  And the proposed reasonable attorney's fees will incentivize lawyers to undertake meritorious FLSA litigation, consistent with the FLSA's mandate.  *See Moulton*, 581 F.3d at 352.

Accordingly, the Court **GRANTS** the Parties' "Joint Motion for Order Approving Resolution of FLSA Claims" [Doc. 38].  The Court **DISMISSES** this action **WITH PREJUDICE**.  An appropriate judgment shall enter.

SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

4